### JOHN BARNETT *vs.* MOSES PECK.

The rules of law in relation to special jurisdictions, do not apply to the proceedings of a justice, in issuing a rule of reference under the 31st section of the justice act.

The submission of the matters to be decided by referees appointed under that section, need not be in writing.

The matters submitted must appear from the rule, so that the award shall be a bar to any future controversy, on the same matters, but need not be stated with particular formality.

It is not necessary that the amount of the claim should appear from the rule.

The justice acts judicially, in deciding whether the report of the referees shall be returned to him or to the county court, and his decision is not to be questioned elsewhere, unless it appears on his proceedings, that he has no jurisdiction.

This was a controversy in relation to a report of referees appointed by a rule from a justice of the peace of the county of Washington, and made returnable to the county court. The defendant, Peck, objected to the acceptance of the report.

1. That it did not appear from the rule of reference, that there was any matter in dispute between said parties, nor was any claim set forth in said rule, on either side.

2. That it did not appear from said rule, that the county court had jurisdiction of said report, inasmuch as the sum in demand, or in dispute, between the parties, was not alleged.

3. That said referees allowed the said Barnett costs, and lastly, that said rule and report, in other respects, are insufficient and uncertain. The court overruled these objections, and accepted said report. To which decision the defendant excepted. The exceptions were allowed and certified, and the cause comes here for revision.

The following was the order of *reference* made by the justice:

" *Whereas,* Moses Peck of Moretown and John Barnett of Middlesex, in the county of Washington, have mutually agreed to submit, by rule of Court, agreeably to the statute in that case made and provided, all matters of dispute between them, together with all demands of the parties, to the determination of you, the said Rufus Clap, John Foster and William X. Holden, and that you, the said Rufus Clap, be chairman, that you appoint the time and place of meeting, and notify the parties, and if the parties do not appear, on due notice, that you, the said Rufus Clap, John Foster and William X. Holden, proceed ex parte, and that the decision of a majority of you be final: And whereas, the said Peck and Barnett have made application, in writing under their hands of this date, to me, Nathan Carpenter, one of the justices of the peace within

and for the county of Washington, that I make the same a <span>Washington, March, 1834.</span>
rule of my court, and therefore, hereby authorize and empower
you, the said Rufus Clap, John Foster and William X. Hol-
den, to proceed as referees between the said parties, agreeably       Barnett
to the rule aforesaid, and to cause the report by you made, in        vs.
writing under the hands of those of you who shall agree, to           Peck.
the county court next to be holden at Montpelier, within
and for the county of Washington, on the 2d Tuesday of
April, 1833.   Given under my hand at Middlesex, this 4th
day of April, 1833."        NATHANIEL CARPENTER,
                                          *Justice of Peace."*
    Upon this rule, the referees named, made to the county
court in substance the following report :
    " The said Moses Peck and John Barnett were notified, &c.
—appeared and answered : and presented their several claims,
which each severally had against the other—and after hearing
the said parties and examining their said witnesses on oath,
we find for the said John Barnett to recover of the said Moses
Peck, the sum of sixteen dollars, as damages in full of all mat-
ters in dispute between said parties, and in full of all demands
between them, up to this 6th day of April, 1833.  We also
tax and allow to said John Barnett, the sum of three dollars
and sixty cents, as his costs before us as referees in this cause,
and the further sum of four dollars and fifty cents, for our fees."
    " The following is the list of claims presented to us on the
part of Moses Peck against said John Barnett :

| | | | |
|---|---|---|---|
| 1831. | 10 weeks' board at 7s 6d per week, | $12 | 50 |
| | Note against A. & Z. Miles, | 12 | 50 |
| | Cash in autumn of 1831, | 20 | 00 |
| 1832. | One cow, | 20 | 00 |
| | One hog, | 6 | 00 |
| | Three bushels oats, | 1 | 00 |
| | | $72 | 00 |

    The following is the list of claims presented to us by John
Barnett against said Peck :
May, 1831. To 16 days' work myself and five days of
              my oxen,                                $16 00
    " We herewith above return a list of the claims presented
by each party, and on the hearing found, that all the board,
property and money mentioned in said Peck's list of claims
making up said sum of $72 00, were found and delivered as
payment towards the clearing of lands for him by said Barnett,
for which Barnett did not present a claim, and we disallowed all
of said Peck's claim, on the ground that he had heretofore recei-
ved ample satisfaction therefor, all which is humbly submitted by
                RUFUS CLAP,              ⎫
                JOHN FOSTER,             ⎬ *Referees.*
                WILLIAM X. HOLDEN,       ⎭

Washington,
March,
1834.

Barnett
vs.
Peck.

*Smith* and *Peck* for defendant.—1. The submission should have been in writing, and signed by the parties, containing some statement of the claims submitted, which does not appear to have been done, and it is not to be presumed.—3 John. Cas. 107.

2. The justice's rule does not shew that there was any matter in dispute between the parties; at least, it does not state, nor in any way describe the matter in controversy, which is necessary and seems to be required, by the statute.—(Comp. Stat. 133–4, sec. 31–33.) Unless there was some matter in dispute between the parties, justice had no jurisdiction to issue the rule. The existence of a matter in controversy is the foundation of the whole proceedings. Independent of any argument that may be drawn from the statute, it would seem necessary, on common principles, that the nature of the controversy should appear from the submission or rule, for if it does not, which is the present case, the record would be no bar to a suit founded on the same subject matter. Besides, how are the referees to ascertain the matter intended to be submitted. It would open the door to fraud and imposition, to allow this to appear by parol.

3. The statute provides, that in case the claims submitted exceed forty dollars, the report shall be made to the county court, otherwise to the justice, (Comp. Stat. 134, sec. 32,) and this direction is to be inserted in the rule. But the amount of claims no where appears, either from the rule or record of the justice; consequently the justice had no authority to direct the referees to report to the county court, and that court has no jurisdiction of the report.

The fact that the report of the referees shews, that the claims of the parties exceeded the sum required by statute to give the county court jurisdiction, cannot, it is apprehended, obviate the objection. The question of jurisdiction must be decided from an inspection of the record of the justice. This is a proceeding under a special statute, and unless its requisitions are strictly pursued the proceedings are void.—4 Mass. Rep. 502. —5 id. 264.—3 id. 324, 398.

*Mr. Dillingham, contra, argued,*—The statute upon which this reference was founded, is, as we conceive, a statute in *aid* of common law arbitrations, by enabling the party in whose favor the award is made, to obtain his judgment in a cheap and expeditious manner.—Revised Stat. 133.

WASHINGTON,
March,
1834.

Barnett
vs.
Peck.

1. We apprehend that the parties themselves are the judges whether controversies subsist between them, and that when they *agree* to have a reference, *agree* upon the referees, and make application for a rule of reference to a justice, and when the rule *shows all this*, as it does in this case, and when too, the rule expressly refers all controversies subsisting between the parties, it is going too far to say, no controversies did exist.

The statute does not require, that the rule should state that controversies did exist, or that the parties' application should be incorporated in, or attached to the rule. Who then was to determine whether controversies subsisted ? Not the county court, certainly ; and if the parties were not the sole judges, then we say, secondly, the justice was the judge of that fact, and having found it in the affirmative, and having issued his rule, it cannot be again inquired into. He acted *judicially.*— See form. stat. page 134.

2. The justice to whom the application was made, had to *determine* the amount of the matters submitted. The justice could not issue his order in the alternative, that is, if the *referees find* the matters in demand under $40, to report to our court, but if over that sum, to *another* court. The statute and the form there given, are entirely silent as to any statement by the justice of the amount of the matters submitted.— The order from the justice must contain an order thereon from him, directing the referees where to return their report. The words of the statute are, " That if the matters in demand so refered shall exceed $40, it shall be the duty of the justice to issue his rule and order to the referees, so mutually chosen, to make report to the county court," &c. Here then is a *duty* imposed on the justice, and that duty is, to *determine* whether matters in demand submitted, are under or over $40. This is a preliminary inquiry, and the question of the *amount* is settled by him before he issues his order. When he has determined this fact, he must make his order accordingly, and *that* order, when made, is imperative. It cannot be a matter of subsequent inquiry in the county court, whether he determined that point right or wrong, or upon what evidence he determined it. It was a question which *he* had to determine before the rule and order could issue. It was, therefore a judicial act.—*Wood* vs. *Peake*, 8 John. Rep. 54, 69.—3d Term Rep. 38.

Washington,
March,
1834.

Barnett
vs.
Peck.

3. It is not denied that the rule and order should contain some description of the matters submitted, but this description may be less or more particular, according to what is submitted. If a particular matter, or matters, were submitted, the description should be such as would enable the referees to determine what was within the submission. In this case, however, all matters in controversy and all demands subsisting between the parties, were expressly submitted by the rule. In a general submission, a general description is sufficient, even in Massachusetts, where their statute requires that the matters submitted should be attached to the rule.—*Webster* vs. *Lee*, 5 Mass. Rep. 334.

In Massachusetts a different doctrine prevails, but even there under a general submission, the presumption is, that all claims and demands were settled, because within the terms of submission. Yet either party may be permitted to prove, and that by parol too, that a particular demand was not laid before the referees, or included in their report, and a submission of all demands will not be a bar to an action on such a claim.— *Wester* vs. *Lee*, 5 Mass. 334.—*Hodges* vs. *Hodges*, 9 Mass. Rep. 320; and *Smith* vs. *Whiting*, 11 Mass. Rep. 445.

4. This reference had its origin in an *agreement* to submit, made by the parties. They made their application to the justice, took his rule and order as they were, agreed with the referees to sit, submitted their claims and had a hearing. From the beginning to the time the report was made, every step taken was by consent and agreement of parties; and we insist that it was too late for the party who was dissatisfied with the report, to *then* say the proceedings are all void.—17 John. R. 461.—*Campbell* vs. *Wilson*, 2 Aik, 118.—*Howard* vs. *Conro*, 2 Vt. R. 492.

The opinion of the court was pronounced by

Williams, Ch. J.—The parties had a controversy, and agreed to submit the same to referees; they applied to a justice of the peace, and requested him, in writing, to make a rule of his court, referring all matters in dispute between them and all demands to referees, in pursuance of the statute. The justice accordingly issued a rule of reference to certain persons, and directed them to make report to the county court, the matters in demand exceeding forty dollars. The referees reported a sum of about sixteen dollars, in favor of Barnett. Peck ex-

Washington,
March,
1834.

Barnett
vs.
Peck.

cepted to the report. The county court accepted the report and rendered judgment thereon, and on exceptions to that judgment, the case is brought here. The jurisdiction of a justice of the peace, in making a reference, is not conferred by the statute to be exercised by him against unwilling parties. Without their consent he has no jurisdiction. The principle of law in relation to special jurisdictions, that nothing is to be presumed in their favor, and that their proceedings are to be closely scrutinized, are not applicable to those cases of references, where a magistrate only endeavors to carry into effect the agreement of the parties. He can take no compulsory measures, to make the parties submit to a reference. The statute on this subject does no more than provide a method in which the parties can more effectually have their controversies settled by reference, and in which the award of the referees can be enforced, without the submission being subject to be revoked at the caprice of the party, who might revoke at pleasure, if the submission was not made a rule of court, and without subjecting the parties to another suit upon the award, to enforce a compliance with the same. The statute, however, must be complied with, and the proceedings must conform to the statute, or they will be set aside. The proceedings in this case may be subjected to the severest test of criticism, and will be found to be conformable to the statute. There is no valid objection to the form of rule or the submission. The submission need not be in writing, signed by the parties; the application that the reference should be made a rule of court, must be in writing, as appears by the form of the rule, which was done in this case. The matters submitted must appear from the rule, and be stated with more or less particularity, according to the matter submitted. It need not be stated with the accuracy and form adopted in framing a declaration, but may be as general or as particular as a submission to arbitrators. If the submission is of a single claim or controversy, it should be so stated, that an adjudication thereon may be a bar to another suit for the same. If all demands are submitted, it should be so stated, and a determination thereon will be, at least, *prima facie*, a bar to any action or any controversy then existing. The statute contemplates that the submission may be of all demands. In this case the submission was of all demands, and the award is a bar to all claims and demands between the parties. The form given in the statute, does not require that

Washington,
March,
1834.

Barnott
vs.
Peck.

the amount of the claims should appear in the rule. The practice is for the parties to appear before the justice, and on their statement of the amount of the claims, the justice makes the rule returnable, either before himself or the county court. This statement, as we already have observed, need not be in writing. If it is intended as a submission of all demands, it is useless, if not impracticable, to state the different claims on either side, especially if they are numerous. When the rule is made returnable to the county court, it is not a subject of inquiry thereafter, whether the rule was rightly made returnable to the county court. It may be further remarked, that the justice in making this, acts judicially. He makes the submission a rule of his court, and makes it returnable according to his determination on the amount of their claims, and his determinations on this subject, which is within his proper jurisdiction, are not to be questioned, collaterally, if the want of jurisdiction is not apparent on the face of his proceedings. The question in relation to the award of cost, which has heretofore been argued, is now abandoned by the party, and the court have not considered it. The proceedings of the parties, the justice and the referees, appear to have been conformable to the statute in every particular, and the judgment of the county court, accepting the report, and rendering judgment thereon, is affirmed.